BROADWAY NATIONAL BANK *v.* BYARS, sheriff.

HOLDEN, J.   The plaintiff in fi. fa. filed a petition for a rule nisi against a sheriff, requiring the latter to show cause why he should not pay the former the amount due on such fi. fa. and be adjudged in contempt of court because of his failure to sell, on August 4, 1908 (the first Tuesday

46

in that month), certain property levied upon, which had been found subject to the fi. fa. in a certain claim case and which the court, in an injunction case, had ordered the sheriff to sell on such first Tuesday. A rule nisi was issued, requiring the sheriff to show cause "why he should not pay to movant's counsel the alleged value of said particular property, the cost of this rule, or attached for contempt," and "why he should not be adjudged in contempt of the order" in the injunction case referred to in the petition, to which rule nisi the sheriff made answer.    *Held:*

1. It was proper to overrule a general demurrer to the answer of the sheriff, wherein he made the following allegations: On August 4, 1908, there was pending a case wherein it was sought to enjoin the sheriff from selling the property levied upon. "Defendant further shows, that, at the courthouse in the county of Floyd, within the legal hours of sale, and after 10 o'clock a. m. on said first Tuesday in August, 1908, Henry Walker, attorney for movant, came to this defendant, directed defendant not to expose said property for sale, but to hold said sale until later in the day, as they were proceeding to try the case, and the said Henry Walker thought it might be settled. Defendant shows, that, knowing no other person who had the right to control said fi. fa., this defendant, in good faith, delayed the sale for a short time, being ready, willing, and expecting to sell said property within the legal hours of sale." The judge of the circuit being disqualified, an attorney was duly appointed judge pro hac vice to try the pending injunction case referred to, and counsel for the plaintiff in fi. fa. consented to try the case before such attorney as judge pro hac vice, and to submit to him "all questions of law and fact without the intervention of a jury. Defendant further shows that said cause, before said judge pro hac vice, was being tried during the legal hours of sale on the first Tuesday in August, 1908, and continued on trial until about one o'clock p. m. on that day; that the said Henry Walker, counsel for movant, during said hours, prevented this defendant from proceeding to sell said property." The judge pro hac vice rendered judgment at 1 o'clock p. m. on August 4, 1908, enjoining the sheriff from selling the property, upon the payment to the sheriff of a specified amount, which was duly tendered to him, but which counsel for the plaintiff in fi. fa. would not consent for the sheriff to accept.

2. Where the presiding judge is disqualified to try a case wherein an injunction is sought against a sheriff to restrain him from selling certain property levied on and advertised for sale by the latter, and an attorney as judge pro hac vice, to whom the case on final trial is submitted for decision without the intervention of a jury, grants such injunction, the plaintiff in fi. fa. can not hold the sheriff liable for obeying such injunction and failing to sell the property.

3. The fact that the judgment granting the injunction was reversed by the Supreme Court, and the petition for injunction subsequently dismissed by the court granting it, did not render the sheriff liable because he obeyed the injunction granted and refused to sell the property while the injunction was in force.

4. Counsel for plaintiff in fi. fa. stated to the court, at the beginning of

the trial of the case, that the damages claimed were "the value of the property $1,500, interest on that sum at 7 per cent. from August 4, 1908, until October 7, 1909, and two advertising fees of $7.50 each, the gross sum to be on said day credited with the net proceeds paid on sale day." If there was error in admitting evidence of the sheriff, that after the rule nisi in this case was granted, and the judgment of the Supreme Court reversing the judgment of the lower court granting an injunction was rendered, the sheriff, on October 7, 1909, sold the property and paid the proceeds over to the attorney for the plaintiff in fi. fa., over the objection of the plaintiff in fi. fa. that such facts were not set up in the answer of the sheriff, and other objections, such erroneous ruling would be no cause for reversal of the judgment of the court refusing to hold the sheriff liable to the plaintiff in fi. fa. for his failure to sell the property on August 4, 1907, as competent evidence before the court demanded a finding that the sheriff was not so liable.

5. There was no error in overruling the demurrer to the answer, nor in rendering the judgment refusing a rule absolute, the uncontradicted evidence before the trial judge proving the material allegations of the answer hereinbefore set forth.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 17, 1911.

Rule. Before Judge Fite. Floyd superior court. December 28, 1909.

*Henry Walker,* for plaintiff.

*McHenry & Porter, Denny & Harris,* and *M. B. Eubanks,* for defendant.